285 So.2d 530 (1973)
STATE of Louisiana
v.
Richard FERDINAND.
No. 53718.
Supreme Court of Louisiana.
October 29, 1973.
Roy L. Wood, Amite, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Asst. Atty. Gen., Leonard E. Yokum, Dist. Atty., William M. Quin, Asst. Dist. Atty., for appellee.
BARHAM, Justice.
Richard Ferdinand was tried and convicted for the crime of aggravated battery, R.S. 14:34, and was sentenced to three years at hard labor. From this conviction and sentence he appeals. Defendant relies upon five bills of exceptions. They do not present reversible error.
Bill of exceptions No. 1
This bill was reserved when the trial judge refused to allow defense counsel a continuance on the grounds that only twenty (20) persons were present out of the one hundred (100) that had been subpoenaed from the jury venire. The defense argues that a representative crosssection *531 of qualified jurors was not obtained. The judge in his per curiam noted that defense counsel failed to supply the court with any proof of the allegation. The prosecution and defense were successful in securing a jury from the first eight prospective jurors examined on voir dire. In addition, the prosecution and defense were not restricted to selecting a jury from the twenty potential jurors that remained on the original jury venire list. The judge indicated a willingness to subpoena an additional one hundred persons in the event that challenges had exhausted the first group of prospective jurors. In his brief, the defendant argues that the sheriff's staff intentionally failed to serve certain individuals, but no proffer of proof was made to substantiate this argument.
Bill of Exceptions No. 2
The defendant moved that all prospective jurors be sequestered in order that each juror could be questioned individually. Article 791, C.Cr.P. reads as follows:
A jury is sequestered by being kept together in charge of an officer of the court so as to be secluded from outside communication.
* * * * * *
In noncapital cases, the jury shall be sequestered after the court's charge, and may be sequestered at any time upon order of the court. (Emphasis supplied)
This Codal provision has not been extended to cover potential jurors undergoing voir dire examination. State v. Allen, 273 So.2d 504 (La.1973); State v. McAllister, 253 La. 382, 218 So.2d 305 (1969).
Bill of Exceptions No. 3
The court overruled defense counsel's objection to the introduction of evidence as to the location of the shooting. Petitioner argues that venue could not be established since the State failed to mention that the crime occurred in Tangipahoa Parish in the opening statement. Code of Criminal Procedure Article 766 provides:
The opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge.
Code of Criminal Procedure Article 769 reads as follows:
Evidence not fairly within the scope of the opening statement of the state shall not be admitted in evidence.
If the state offers evidence that was inadvertently and in good faith omitted from the opening statement, the court, in its discretion may admit the evidence if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense.
The State is merely required to delineate the scope of its inquiry and the nature of the charge and the evidence in its opening statement. State v. Dillon, 260 La. 215, 255 So.2d 745 (1971). There was no dispute as to the place of the shooting and the defendant does not aver that he was prejudiced or taken by surprise.
Bill of Exceptions No. 4
The court refused to sustain a defense objection to questioning by the state of the physician who attended the shooting victim as to the location of the gun shot wounds. The defendant contends that such testimony was irrelevant and that it unnecessarily made the jury aware of the brutality of the crime. The state correctly points out that the evidence was introduced to coincide with and buttress the victim's testimony. The evidence was relevant.
*532 Bill of Exceptions No. 5
This bill was reserved when the court refused to enter a directed verdict at the conclusion of the State's case. The directed verdict is provided for in the Code of Criminal Procedure, Article 778. State v. Douglas, 278 So.2d 485 (La.1973). The judge states in his per curiam, however, that "there was more than sufficient uncontradicted evidence in the record to justify a verdict of guilty." We have reviewed the transcript of testimony of the State's case and agree with the conclusion of the trial judge.
For the reasons assigned, the conviction and sentence are affirmed.
SANDERS, C. J., concurs in the decree.
SUMMERS, J., concurs with reasons.
MARCUS, J., concurs.
SUMMERS, Justice (concurring).
Although I agree with the Court's holding affirming this conviction, I do not subscribe to the apparent approval of the directed verdict provided for in Article 778 of the Code of Criminal Procedure and this Court's decision in State v. Douglas, 278 So.2d 485 (La.1973). In my view, in addition to those already stated in my dissent to State v. Douglas and in the opinion in State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), the object of Article 778 of the Code of Criminal Procedure was to circumvent the exclusive authority vested in the jury by the constitution to determine questions of guilt or innocence. La.Const., Art. XIX, § 9. The article has another effect, more subtle but nonetheless equally as subversive of authority and orderly procedure. By permitting the judge to direct a verdict and dismiss the prosecution a direct infringement upon the authority of the district attorney occurs. La.Code Crim.Proc. Art. 691. Before the jury is impaneled the matter of dismissing a prosecution is entirely under the control of the district attorney, and after the jury has been impaneled, and before verdict, his authority to enter a nolle prosequi is subject only to the right of the defendant to insist upon a trial. State v. Brackin, 113 La. 879, 37 So. 863 (1905). A directed verdict permits the judge to superimpose his authority over that of the district attorney. By directing a verdict the judge is enabled to effectively dismiss the prosecution without the authority, consent or permission of the district attorney. La.Code Crim.Proc. Arts. 61, 702.
I concur in the result only.