412 So.2d 1349 (1982)
STATE of Louisiana
v.
Thomas LOWDINS.
No. 81-KA-2271.
Supreme Court of Louisiana.
April 5, 1982.
Rehearing Denied May 14, 1982.
*1350 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Leonard Knapp, Jr., Dist. Atty., Evelyn Oubre, Eugene Bouquet, Asst. Dist. Attys., for plaintiff-appellee.
Alvin B. King, Terry Thibodeaux, Lake Charles, for defendant-appellant.
FRED S. BOWES, Justice Pro Tem.[*]
The defendant, Thomas Lowdins, was charged by a grand jury with crime of second degree murder, in violation of La. R.S. 14:30.1. He was tried before a twelve-person jury which found him guilty as charged. The court then sentenced him to serve life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On appeal, defendant relies on ten assignments of error for reversal of his conviction. Assignment numbers four, five and ten were neither briefed nor argued and therefore are considered abandoned.
Mary Ann Francis was killed on November 15, 1980. Ms. Francis and the defendant, Thomas Lowdins, had been living together in the victim's home for a week prior to the murder. Ms. Francis had left Lowdins and stayed with her mother for a few days. She returned to her home on Saturday. Later that evening, there were ten to twelve people inside her house. Without saying a word, Lowdins walked up to the house, opened the door, pulled out a pistol, and shot Ms. Francis. As she fell to the floor, Lowdins fired two more shots at her and then spoke, asking where somebody else was. There was no evidence of a quarrel or provocation prior to the killing.

Assignment of Error Number 1
By this assignment, the defendant contends that the trial judge erred in excusing prospective jurors without the presence of defense counsel. After the roll call of cases set for trial that morning had been completed, and the defendant had announced his readiness for trial, the judge questioned prospective jurors at the bench concerning their requests for hardship excuses. Subsequently, some of the jurors were excused.
The defendant bases his argument on La. C.Cr.P. Art. 831 which states in pertinent part:

*1351 A defendant charged with a felony shall be present:
(3) at the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;
However, this court stated in State v. Williams, 258 La. 801, 248 So.2d 295 (1971):
(1) A trial court may excuse a member of the petit jury venire at any time prior to the time he is sworn as a juror to try a particular case. La.C.Crim.P. Art. 783. He may excuse members of the venire in advance of the time of trial, providing he does not abuse his discretion in this regard. Official Revision Comment (b), Article 783; State v. Ceaser, 249 La. 435, 187 So.2d 432 (1966).
(2) A juror is not "called" or "examined" within the meaning of La.C.Crim.P. Art. 831(3), until he is called for examination in the trial of that particular defendant, see La.C.Crim.P. Art. 761. The defendant need not be present when the trial judge excuses prospective jurors before his own case is called for trial. State v. McGuire, 254 La. 560, 225 So.2d 215 (1969).
In this case, the roll was called for the jurors and they were afforded the opportunity to submit special reasons for being excused. Since the defendant's case had not yet been called for trial, there was no need for either counsel to be present at this procedure. According to La.C.Cr.P. Art. 783, the court may excuse a member of the petit jury venire at any time prior to the time he is sworn as a juror in a particular case. In this case, the jurors were called but not yet sworn. Therefore, the trial court committed no error in excusing these jurors.
Accordingly, this assignment is without merit.

Assignment of Error Number 2
By this assignment, the defendant contends that the trial court erred by denying his motion to defer the presentation of his opening argument until after the completion of the State's case. The defendant bases his argument on La.C.Cr.P. Art. 765 which provides that the defendant may waive his opening statement. Traditionally, the judge has the discretion in dealing with the order of trial; therefore, the defendant claims that the judge abused that discretion by not allowing his opening statement after the State's case.
The defendant's argument, regarding the trial judge's discretion in dealing with the order of trial as prescribed by La.C.Cr.P. Art. 765, is contrary to the jurisprudence of Louisiana. In State v. Thomas, 395 So.2d 802 (La.1981), after the State had presented its evidence on the first of two counts, the defendant moved to be allowed to present his defense to that count before the State presented evidence on the second count. The trial court denied the motion and this court upheld that ruling. It noted that Art. 765 prescribes the normal order of trial and found no authority for varying that order. As the Official Revision Comments to Art. 765 indicate, "The provision of La.Code Civ.P. Art. 1632, which authorizes the court to vary the order when circumstances justify, is omitted from this article, because it seems dangerous in criminal cases." The Comment also notes that "Variations can occur, ..." but defense counsel has made no compelling argument that the trial court's refusal to vary the normal order of trial prejudiced the defendant.
For these reasons, this assignment is without merit.

Assignment of Error Number 3
Defendant contends that the trial court erred in refusing to suppress oral, inculpatory statements made by him to police upon their second visit with him. He alleges that these statements were taken in violation of his right to counsel.
During the police officer's first interview with the defendant, he expressed a wish to talk with an attorney, at which time the officers terminated the questioning. Detective Reinecke testified that the next day he received a message from the defendant, *1352 who wanted to talk to him. Detectives Reinecke and Guillory then went to the jail for a second interview. After being advised of his Miranda rights, the defendant gave the inculpatory statement at issue. The statement was never offered into evidence. Reference, only to a portion of its contents, was made in the State's opening argument, when the prosecutor stated that the defendant had purchased the gun a short time before the shooting.
At the motion to suppress, defendant testified that on Monday, November 17, 1978, he surrendered himself to the Sheriff's Department but refused to give a statement until he talked to an attorney. He stated that on the afternoon of Tuesday, November 18, 1980, two detectives requested a second interview with him in the jail. Defendant then testified that the detectives told him that they wanted to get a statement for the Grand Jury to indict him for first degree murder. At this point, Lowdins decided that he should give his side of the story. Thereafter, he gave an oral, inculpatory statement. At the hearing, defendant insisted that he did not request the second interview, as the detectives had testified.
The basis for the defendant's motion to suppress was that the second interrogation, at which the statement was taken, was made in violation of the standards set forth by the United States Supreme Court in Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).
In Edwards, the United States Supreme Court held that "when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation, even if he had been advised of his rights." The Court also held that the accused is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communications with the police.
In this case, there was a dispute as to whether the defendant initiated the interrogation after declaring that he wished to see an attorney. After hearing all the evidence at the motion to suppress, the trial judge decided the credibility question in favor of the police officers, who testified that the defendant requested the second interview.
Admissibility of a confession is, in the first instance, a question for the trial judge, whose conclusions on credibility and weight of testimony relating to voluntariness will not be overturned unless they are not supported by the evidence. State v. Lewis, 353 So.2d 703 (La.1977).
We feel that the trial court's determination on the motion to suppress was supported by the evidence.
Even assuming the circumstances of obtaining the inculpatory statement did violate the standards set out in Edwards supra, the question would then become whether the error is a reversible one. Looking at the facts of this case, it appears that ten or twelve eye-witnesses to the actual shooting would be ample testimony to support the specific intent element of second degree murder. The time at which the defendant purchased the gun used would hardly affect the jury's verdict in light of this other overwhelming evidence. Thus, even if the prosecutor's remarks were error, and the statement should have been excluded, that error would be harmless and no reason for a reversal.
This assignment is without merit.

Assignment of Error Number 6
By this assignment, defendant contends that the trial court erred in refusing to give special requested jury charges regarding the presumption of intoxication contained in La.R.S. 32:662(A)(1). The defendant argues that his requested charge was a correct statement of the law under R.S. 32:662. Counsel argued in brief that the statute touched upon the central issue at trial: the degree of defendant's intoxication at the time he shot the victim down.
*1353 We feel the requested charge was not "wholly correct and pertinent" to the case under La.C.Cr.P. Art. 807. La.R.S. 32:662 deals with legal intoxication for the purpose of the operation of automobiles on the open road. Intoxication for purposes of the motor vehicle code, and the degree of intoxication necessary to negate an essential element of a major felony offense, are clearly different matters. Defense counsel's charge was potentially misleading, as it invited the jurors to conclude that because the defendant was legally presumed intoxicated, he lacked the specific intent to commit the crime. R.S. 14:15(2). The trial court, therefore, correctly refused to give the charge. La.C.Cr.P. Art. 807.
This assignment is without merit.

Assignments of Error Numbers 7, 8 and 9
By these assignments, defendant argues that the trial court erred in charging the jury that the State need only prove its case by a preponderance of the evidence. After the charge was read to the jury, the defense objected and moved for a mistrial. The judge denied the defendant's motion and reread a portion of the charges to the jury with "beyond a reasonable doubt" substituted for "preponderance of the evidence." Defendant contends that the jury was confused by the conflicting standards for guilt and, therefore, a mistrial should have been granted.
There is no evidence to support defendant's argument that a group of reasonable people, such as the jury, could not change the standard for guilt to "beyond a reasonable doubt" without confusion. Since the jury was properly reinstructed by the judge, there appears to be no grounds for the defendant's argument.
Accordingly, these assignments are without merit.

DECREE
For the above reasons, the conviction of the defendant is affirmed.

ON APPLICATION FOR REHEARING
CALOGERO and DENNIS, JJ., concur in the denial of the application for rehearing while expressing reservations about that portion of the majority opinion which finds no merit to assignment of error number three by reason of harmless error (in the alternative).
NOTES
[*] Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court and Edward Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche, and Watson.