451 So.2d 124 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Donald George KENDIG, Defendant-Appellant.
No. CR83-771.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*125 Carla F. Chrisco, D. Michael Mooney, Lake Charles, for defendant-appellant.
Jerry G. Jones, Dist. Atty., Cameron, for plaintiff-appellee.
Before CUTRER, STOKER and KNOLL, JJ.
KNOLL, Judge.
The defendant, Donald George Kendig, was indicted by the Grand Jury of Cameron Parish on December 30, 1982 for second degree murder in violation of LSA-R.S. 14:30.1. The defendant entered a plea of not guilty. On June 8, 1983 a twelve member jury found defendant guilty as charged. On June 15, 1983, the trial court imposed the mandatory sentence upon the defendant, i.e., imprisonment at hard labor for life without benefit of parole, probation or suspension of sentence.
Defendant appeals his conviction relying upon three assignments of error, alleging that the trial court erred:
(1) In allowing the State to introduce evidence that was outside the scope of its opening statement;

*126 (2) In refusing to give the defendant's requested jury instructions concerning justifiable homicide and the legal presumptions of the blood alcohol test; and,
(3) In denying defendant's motion for a new trial on the grounds that the verdict was contrary to the law and the evidence because the State used only circumstantial evidence and it did not exclude every reasonable hypothesis of innocence.

FACTS
At approximately 10:00 o'clock P.M. on November 23, 1982 the victim, Joyce Kendig, wife of defendant, left her home in Lake Charles driving her red Buick LeSabre. Apparently she crossed her husband on the highway while he was driving his white El Camino truck. They followed each other south from Lake Charles down the Gulf Highway toward Cameron, past the airport to Boone's Corner, then turned onto Highway # 384. At a point approximately five miles east of Boone's Corner, the defendant parked his El Camino off Highway # 384 in a ditch on the south of the paved road headed east. Joyce Kendig parked her red Buick partly on the road and on the shoulder, a short distance behind her husband.
The physical evidence at the scene of the crime shows that the Kendigs exited their vehicles and faced each other in the center of the road. Mrs. Kendig was wearing glasses. The defendant shot her three times with his AR7 .22 survival rifle, using hollow point bullets from a distance of one to two feet. The bullet entries formed a semicircle pattern around her left eye. She fell on the road and her glasses were found near a puddle of blood on the road. Five empty cartridges from the bullets were found on the road near the blood and her glasses. Mrs. Kendig was shot a fourth time, with entry under the chin on the right side, exiting through the top of her head.
The defendant dragged Mrs. Kendig's body to a ditch on the side of the road. An empty cartridge was found at the edge of the road near her body in the ditch.
Four young people, Raymond Felio, Cindy Fogleman, Jolene LaBove and Robert Montie, stopped at the scene of the crime when they saw the El Camino in the ditch. They thought there was an automobile accident and stopped to offer assistance. Raymond Felio asked defendant, as he was coming out of the ditch, if anyone was hurt. Defendant responded that no one was hurt and everything was all right. Defendant then got into the red LeSabre and hurriedly left the scene.
Cindy Fogleman and Jolene LaBove had parked their truck behind Raymond's car. While they were walking toward Raymond's car, Cindy spotted a body in the ditch in the area where they saw defendant and Raymond speaking. Raymond walked into the ditch and saw Mrs. Kendig's body with her face covered by her blouse. Raymond pulled Mrs. Kendig's blouse down from over her face and observed her lips quiver, then stop. Cindy immediately left to notify the police.
The defendant's rifle was found a short distance from Mrs. Kendig's body in brush located near the ditch.
Early the next morning a Cameron Parish deputy received word from a passing newspaper deliveryman that a car matching the description of Mrs. Kendig's Buick was bogged in a ditch near the Cameron-Calcasieu parish line with a male occupant inside. Deputies searching the area observed that the description and license plate matched that of Mrs. Kendig's car. Defendant was inside the Buick waiting for help to pull him out of the ditch. Based on the physical description given by the witnesses who discovered the body and who saw the defendant at the scene, the police apprehended the occupant of Mrs. Kendig's automobile. He was later identified as Donald George Kendig, husband of Mrs. Joyce Kendig. They had been married for two months.

ASSIGNMENT OF ERROR ONE
The defendant argues that the trial court erroneously allowed the State to introduce *127 evidence that was outside the scope of its opening statement. In particular, defendant asserts that the State failed to allege in its opening remarks that the crime occurred in Cameron Parish.
The State called Raymond Felio as a witness. On direct examination the State asked:
"Q. The place where this [the murder of Joyce Kendig] happened, Raymond, was in Cameron Parish.
A. Yes, sir.
Mr. Alexander: I tender the witness.
Miss Chrisco: Your honor, excuse me. We're going to object to that last answer and ask to approach the bench."
After arguments by counsel, the trial court denied the defendant's objection.
LSA-C.Cr.P. Art. 766 provides:
"The opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge."
LSA-C.Cr.P. Art. 769 provides:
"Evidence not fairly within the scope of the opening statement of the state shall not be admitted in evidence.
If the state offers evidence that was inadvertently and in good faith omitted from the opening statement, the court, in its discretion may admit the evidence if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense."
In its opening statement, the State is merely required to delineate in general terms the nature of the charge and the evidence. The purpose is to acquaint the jury with the case so they may better understand the evidence, and, to inform the defendant of the nature of the charge and evidence so as to prevent the defendant from being unfairly surprised. State v. Bolen, 338 So.2d 97 (La.1976).
There is no dispute as to where the offense occurred. At no time prior to trial did the defense file a motion to quash alleging that Cameron Parish was not the proper venue. Defendant does not complain that he was prejudiced or surprised by the evidence indicating the location of the crime. In State v. Dillon, 260 La. 215, 255 So.2d 745 (1971), the Louisiana Supreme Court held:
"... such an opening statement, describing the `nature' of the charge and the evidence, is not required to note the location of the crime, especially where... there was no dispute as to this fact."
In accord see State v. Ferdinand, 285 So.2d 530 (La.1973).
This assignment is without merit.

ASSIGNMENT OF ERROR TWO
Defendant contends the trial court erred in refusing to give two special jury instructions.
The defendant requested the trial court to instruct the jury regarding the presumption of intoxication contained in LSA-R.S. 32:662 A.(1). He argues that the intent to commit the crime of second degree murder was absent because of the defendant's intoxication. Approximately thirteen hours after defendant shot and killed Mrs. Kendig, he had a blood alcohol reading of .010, indicating that there was very little ethyl alcohol in his system. Defendant contends a blood sample drawn at 11:45 P.M. the evening before, would have indicated a higher blood alcohol reading.
We find State v. Lowdins, 412 So.2d 1349 (La.1982) dispositive of this issue. In Lowdins, supra, defendant sought to have a similar instruction given concerning the legal presumption established in R.S. 32:662 A.(1). The Louisiana Supreme Court held:

"La.R.S. 32:662 deals with legal intoxication for the purpose of the operation of automobiles on the open road. Intoxication for purposes of the motor vehicle code, and the degree of the intoxication necessary to negate an essential element of a major felony offense, are clearly different matters. Defense *128 counsel's charge was potentially misleading, as it invited the jurors to conclude that because the defendant was legally presumed intoxicated, he lacked the specific intent to commit the crime. R.S. 14:15(2)."

LSA-C.Cr.P. Art. 807 provides in pertinent part:

* * * * * *
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
In the present case, as in Lowdins, supra, the requested charge was not "wholly correct and pertinent" under C.Cr.P. Art. 807.
Furthermore, the trial court included an appropriate instruction to the jury on intoxication. Therefore, we find that the trial court correctly refused to give the defendant's suggested charge.
The defendant also sought to have the jury instructed concerning justifiable homicide.
LSA-C.Cr.P. Art. 802 requires the trial judge to charge the jury only "as to the law applicable to the case." State v. Johnson, 438 So.2d 1091 (La.1983); State v. Lane, 414 So.2d 1223 (La.1982). Accordingly, the trial court must charge the jury, when properly requested, concerning the law applicable to any defense theory which the jurors could reasonably infer from the evidence. State v. Johnson, supra; State v. Telford, 384 So.2d 347 (La.1980). The requested jury charge must, however, be supported by the evidence. State v. Simmons, 422 So.2d 138 (La.1982); State v. Toomer, 395 So.2d 1320 (La.1981).
LSA-R.S. 14:20 provides in pertinent part:
"A homicide is justifiable:
1) When commited in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger; or
(2) When committed, for the purpose of preventing a violent or forcible felony involving danger to life or of great bodily harm, by one who reasonably believes that such an offense is about to be committed and that such action is necessary for its prevention. The circumstances must be sufficient to excite the fear of a reasonable person that there would be serious danger to his own life or person if he attempted to prevent the felony without the killing.
(3) When committed against a person whom one reasonably believes to be likely to use any unlawful force against a person present in a dwelling or a place of business while committing or attempting to commit a burglary of such dwelling or business. The homicide shall be justifiable even though the person does not retreat from the encounter."
Defendant presents a hypothetical argument without any supporting evidence that he acted in self-defense. This is a cavil contention. The defendant was forty-six years of age at the time of the offense; he is 6'3" tall and weighed 230 pounds. Mrs. Kendig was 5'2" tall and weighed 165 pounds. There was no evidence that she was of any threat to the defendant. Mrs. Kendig was shot four times by defendant in the head with defendant's AR7 .22 caliber survival weapon using hollow point bullets; defendant dragged her body from the middle of the road to a ditch and fled; when passers-by inquired if there had been an auto accident, defendant told them that nothing was wrong.
Accordingly, the trial court did not err in refusing to give a jury instruction on justifiable homicide.
This assignment of error is without merit.

ASSIGNMENT OF ERROR THREE
In a motion for a new trial, defendant contended that the State used circumstantial *129 evidence and the verdict was contrary to the law and evidence presented. Defendant contends that the trial court erred in denying his motion for a new trial.
In State v. Graham, 422 So.2d 123 (La. 1982) the Louisiana Supreme Court considered the constitutional and statutory standards to judge the sufficiency of the evidence. The court held:

"The Due Process Clause of the Fourteenth Amendment requires this court to review the evidence upon which a criminal conviction is based to determine whether it is minimally sufficient. A defendant has not been afforded due process, and his conviction cannot stand, unless, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Additionally, we are governed by our statutory rule as to circumstantial evidence: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. R.S. 15:438."

See also: State v. Johnson, supra; State v. Chism, 436 So.2d 464 (La.1983).
Defendant argues that his conviction was based on skimpy, circumstantial evidence which did not exclude every reasonable hypothesis of innocence as required by LSA-R.S. 15:438. After a careful review of the record, we conclude that the State has satisfied its burden of proof and, presented strong and convincing circumstantial evidence. Shortly before defendant shot Mrs. Kendig, he went to the Calcasieu Parish Regional Training Academy and had the firearms instructor accurately sight his weapon at a range of twenty five yards. Defendant's survival rifle was normally disassembled; therefore, in order to use the gun, defendant had to make a conscious effort to assemble it. The killing took place on a lonely stretch of highway. The evidence showed that the victim was shot repeatedly as she stood in the highway and that she was shot with accuracy at close range. Her body had been dragged to a ditch alongside the road by defendant. Four witnesses arrived at the scene of the crime as the defendant was climbing out of the ditch near Mrs. Kendig's body. Defendant told the witnesses that no one was hurt, then he hurriedly left the scene. The witnesses found Mrs. Kendig's mortally wounded body in the ditch where they had seen defendant exit. They found the murder weapon at the scene in the brush near the body. Defendant was apprehended the morning after the offense, a short distance away from the crime scene in Mrs. Kendig's automobile which he had bogged in a ditch.
Viewing the evidence in the light most favorable to the prosecution and excluding every reasonable hypothesis of innocence, it appears that the only reasonable conclusion the jury could reach was that defendant intentionally shot and killed Mrs. Kendig without justification.
This assignment of error is without merit.

DECREE
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.