YELVERTON, Judge.
Defendants, Osborne James Taylor, Jr. and Henry Dixon, convicted of armed robbery (La.R.S. 14:64) and sentenced, respectively, to terms of eight and 18 years, appeal their convictions, arguing six assignments of error, as well as presenting to this court a motion to remand for a new trial. We find no merit to any of the assignments of error, and we deny the motion for a remand.
FACTS
On April 8,1983, the police attached electronic surveillance equipment to Greg May-on, and gave him $800 in cash, and Mayon set out to buy a pound of marijuana from Osborne Taylor, Jr., a suspected dope dealer in Abbeville. Mayon met with Taylor at Taylor’s house and then waited on the porch while Taylor left the house three times to allegedly arrange the transaction. When Taylor came back to the house from the third trip, Dixon was with him. Mayon testified that Dixon came toward him with a gun while Taylor came around behind him brandishing a cardboard box opener with an exposed razor blade. Taylor testified that during the altercation between Mayon and Dixon he was inside the house. After Dixon demanded the money, he struck Mayon across the face with the gun, and Mayon fell over. While still lying down, he handed Dixon the money. The officers, who were all the while in a van near Taylor’s house listening to the broadcast of these events from Mayon’s electronic equipment, rushed to the scene. When they arrived, Mayon and Dixon were in the yard, and Taylor was on the porch. The officers subdued and arrested the defendants, and they were later charged with armed robbery.
MOTION TO REMAND FOR A NEW TRIAL
Defendant Taylor has filed a motion in this Court to remand the case to the trial court for a hearing on a motion for new trial based on newly-discovered evidence. The motion for new trial was filed while this appeal was pending.
La.C.Cr.P. art. 851 provides:
“The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
* * * * * %
“(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
* * * >f
La.C.Cr.P. art. 853 provides:
“A motion for a new trial must be filed and disposed of before sentence. The court, on motion of the defendant and for good cause shown, may postpone the imposition of sentence for a specified period in order to give the defendant additional time to prepare and file a motion for a new trial.
“When the motion for a new trial is based on ground (3) of Article 851, the motion may be filed within one year after verdict or judgment of the trial court, although a sentence has been imposed or a motion for a new trial has been previously filed; but if an appeal is pending the court may hear the motion only on remand of the case.”
The defendant’s motion for a new trial alleges that new and material evidence is available (ground 3 of La.C.Cr.P. Article 851). The motion was filed within one year of date of judgment, but while this appeal was pending; therefore, this court decides if the case should be remanded to the trial court for a hearing on the motion pursuant to La.C.Cr.P. art. 853.
La.C.Cr.P. art. 854 provides:
“A motion for a new trial based on ground (3) of Article 851 shall contain allegations of fact, sworn to by the defendant or his counsel, showing:
*234 “(1) That notwithstanding the exercise of reasonable diligence by the defendant, the new evidence was not discovered before or during the trial;
“(2) The names of the witnesses who will testify and a concise statement of the newly discovered evidence;
“(3) The facts which the witnesses or evidence will establish; and
“(4) That the witnesses or evidence are not beyond the process of the court, or are otherwise available.
“The newly discovered whereabouts or residence of a witness do not constitute newly discovered evidence.”
In his motion for a new trial Taylor, as required by C.Cr.P. art. 854, gave the names of the witnesses who would testify, the facts they might establish, and their availability. But the defendant did not show that, notwithstanding the exercise of reasonable diligence, the evidence was not discoverable before or during trial. Furthermore, the defendant did not show that the allegedly new evidence would probably change the verdict. With the motion the defendant Taylor enclosed four affidavits. In three of these, the affiants stated that Taylor was not present during the altercation between Mayon and Dixon. In the fourth, the affiant claimed that Mayon had sold some guns to Taylor. Reference to all of the above evidence was made at trial. His witnesses testified that Taylor was inside the house during the altercation. Taylor testified that Mayon owed him money as a result of the sale of some guns. State v. Lavene, 343 So.2d 185 at 188 (La.1977) provides:
“The newly discovered evidence should be of a nature that, ‘if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.’ La.C.Cr.P. art. 851(3). Cumulative evidence as to an issue fairly disclosed and decided at the trial is ordinarily not of this nature. State v. Gibson, 323 So.2d 446 (La.1975); State v. Santos, 309 So.2d 129 (La.1975). More important, the new evidence, whether cumulative or not, is not of such import that, if introduced at the trial, it would have been of material significance with regard to changing the finding of guilt. State v. Phanor, 325 So.2d 579 (La.1976); State v. Drake, 319 So.2d 427 (La.1975); State v. Jackson, 253 La. 205, 217 So.2d 372 (1968).”
Since evidence as to the issues about which there was allegedly new evidence had already been presented at trial, the new evidence appears to be cumulative and not “newly discovered evidence”, which, if introduced at trial, would probably have changed the verdict of guilty. There is no need to remand the case for a hearing on the motion for new trial.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
In the first two assignments of error the defendants claim that prejudicial references to other crimes were improperly allowed. In the first assignment of error the defendants argue that the trial court erred in refusing to strike the jury venire after the district attorney made prejudicial comments to the jury venire regarding other crimes evidence of an alleged marijuana drug transaction, where the defendants were charged with armed robbery and no possession or distribution of marijuana ever occurred.
During jury selection the defense objected to the state’s asking prospective jurors if they disapproved of undercover investigations in narcotic cases. After overruling the defendant’s objection, the trial court said this to the entire jury venire:
“These genetlemen [sic] are charged with armed robbery, they are not charged with any other crime. What they were allegedly doing, if anything, at the time that these charges occured [sic], or as a result of their activity at that time, that these charges are brought has nothing to do with their guilt or innocence to the crime charged. Does everybody understand that? We’re not trying them for anything other than armed robbery. ...”
*235 The second assignment of error has a similar basis. The defendants argue that the trial court erred in refusing to grant a mistrial, and in allowing the district attorney to continuously ask questions and allow witnesses to testify, concerning a reported marijuana drug transaction, where the defendants were charged with armed robbery and there was no drug transaction.
We find no merit to either assignment because the conversations about a drug transaction were part of the res ges-tae, and therefore admissible.
La.R.S. 15:447 provides:
“Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.”
La.R.S. 15:448 provides:
“To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction.”
In State v. Brown, 428 So.2d 438, 441 (La.1983), the Louisiana Supreme Court stated:
“... The general rule as to evidence of other crimes is that the prosecution may not introduce such evidence unless the evidence is substantially relevant for some purpose other than to show that the accused is a bad man and thus more likely to have committed the crime. State v. Haarala, 398 So.2d 1093 (La.1981). However, the reasons for this rule do not prohibit the state from introducing into evidence criminal acts which are part of the res gestae, which are always admissible. R.S. 15:447.” (Footnote omitted.)
The Brown case was a prosecution for possession of a firearm in which the state made references to the circumstances under which the defendant used the firearm. The court held that such references were not improper and stated that the circumstances under which the defendant used the firearm were part of the res gestae, for they formed “in conjunction with the possession of the gun, one continuous transaction.”
In the case before us the narcotic investigation was part of the res gestae, for it formed in conjunction with the armed robbery, "one continuous transaction.” The defendants committed the armed robbery during the narcotics investigation. In response to one of the defense’s objections the trial judge appropriately stated:
“Well, how would you ask him to explain to the jury how the undercover agent happened to be at these people’s house?”
In charging the jury, the trial judge also correctly stated:
"... Before I instruct you as to the law, the general instructions, I want to give you what is known as the ‘dynamite charge’ to you. A judge rarely has an occasion to comment on evidence or lack thereof; the only reason I am going to do this, as I have done before, is to do it in favor of the defense; ... And that is there is no evidence of any drug transaction. No drugs changed hands. My only purpose in allowing that testimony before you was because it was part of the continuous series of events which led up to the arrest of the defendants on the charge of armed robbery. I will not comment on any of the evidence having to do with the armed robbery. Now, with that, and of course it is what we know as part of the res gestae, what happened at the scene of the alleged offense. Okay.”
The trial court did not err in refusing to strike the jury venire and in denying the defendants’ motion for a mistrial.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error the defendants allege that the trial court erred in refusing to strike the jury venire on the basis that the district attorney in Vermilion *236 Parish has systematically excluded blacks from the final makeup of the jury panel. The record does not reveal that the defendants objected to the jury venire; however, there is a stipulation after the selection of the jury as follows:
“It is agreed by and between the state and the defense that there were four negro, four blacks called as prospective jurors in the venire for Tayior and Dixon criminal case. Judge Ware excused Ernest Mathews for cause, at the instance of the state; Gerard Paul Catalon, number 83, was accepted as a juror, and the state excused number 7, Viola Roy peremptorily, and no. 43 Brenda O’Bryan peremptorily.”
Although the defendants did not formally object to preserve the issue for appeal pursuant to La.C.Cr.P. art. 841, we will nevertheless address it.
The defendants allege the state used peremptory challenges to exclude blacks from the jury. In State v. Square, 433 So.2d 104, 107-108 (La.1983), the Louisiana Supreme Court stated as follows:
“Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) held that the presumption a prosecutor is using the state’s challenges to obtain a fair and impartial jury can be overcome only by a prima facie showing of a history of systematic exclusion of blacks by the prosecutor. Swain has been consistently followed in Louisiana. State v. Brown, 371 So.2d 751 (La., 1979); State v. Washington, 375 So.2d 1162 (La., 1979); State v. Roosevelt Allen, 380 So.2d 28 (La., 1980); State v. Perry, 420 So.2d 139 (La., 1982); State v. Albert, 381 So.2d 424 (La., 1980)....”
In State v. Brown, 371 So.2d 751, 753 (La.1979), the Louisiana Supreme Court fully discussed the pertinent law in situations in which the defendant alleged racially discriminatory use of peremptory challenges by the state:
“[1, 2] The majority of this Court has held that a defendant is not denied equal protection when the state uses peremptory challenges to exclude blacks unless there is a systematic exclusion over a period of time; we impose upon the defendant the burden of establishing a pri-ma facie showing of such exclusion. Once a defendant has done so, the state bears the burden of showing that there was no discrimination. State v. Bias, 354 So.2d 1330 (La.1978). In Bias, the Court noted its adherence to the test announced in Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 959 (1965) in determining whether there was a systematic exclusion. In Swain, the United States Supreme Court held that a showing by the defense that peremptory challenges were used to exclude members of a minority in a particular case is not sufficient to establish a violation of the Fourteenth Amendment’s Equal Protection Clause. However, where defendant can show a systematic exclusion of the minority by the state over a period of time through its use of peremptory challenges a constitutional question is presented. Swain implies that defendant must demonstrate that the prosecutor continually and consciously uses peremptory challenges to exclude blacks because of their race, requiring that the record show with ‘[some] acceptable degree of clarity ... when, how often, and under what circumstances the prosecutor alone has been responsible for striking [the minority].’ 380 U.S. at 224, 85 S.Ct. at 838.”
In the ease before us, the defendants have presented no evidence of “systematic exclusion over a period of time.” As the stipulation reveals, the state accepted one black and excluded two peremptorily. The state, however, argues that the prospective juror, O’Bryan, was excluded peremptorily because she had a brother who had been convicted of possession of marijuana. The defendants allege that in a prior case, State v. Bessard, (Docket Number 22902 of the 15th Judicial District Court), the prosecution in the Parish of Vermilion excluded blacks by means of peremptory challenges. Exhibit I submitted by the defense reveals that three excluded prospective jurors were black. The exhibit, however, does not re *237 veal the race of the accepted jurors. The defendant further claims that during the Bessard trial the prosecuting attorney testified that in State v. Huntsberry, 409 So.2d 555 (La.1982), another case tried in Vermilion Parish, blacks were excluded from the jury by means of peremptory challenges.
Defendant’s observation that blacks were excused in one case and their unsupported allegations in another case cannot be considered evidence of a history of systematic exclusion. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
Defendants argue that the trial court erred in allowing their communications to be repeated in court, where no warrant was ever issued nor did probable cause exist to allow the seizure of such communications by means of recordation devices by police officers in violation of La.Const. art. I, § 5. As previously mentioned, electronic transmitters were concealed voluntarily on the person of Greg Mayon whose conversation with the defendants were, by that means, overheard.
The Louisiana Supreme Court, on rehearing, in State v. Reeves, 427 So.2d 403, 410 (La.1982), carefully analyzed the issue and held:
"... The use .of electronic surveillance equipment, which is hidden from view on the person of a consenting party to a conversation, does not ‘invade the privacy’ of the other party or parties in the conversation within the meaning of our Constitution, and, therefore, the warrant requirement does not attach.”
This holding was reiterated in State v. Terracina, 430 So.2d 64 (La.1983). The use of an electronic transmitter on the person of Greg Mayon to overhear conversations by the defendants, therefore, did not violate the defendants’ constitutional rights. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 5
This assignment of error claims that the trial judge gave an inadequate response to a question asked by the jury, and misled the jury into believing that entrapment is not a defense in this state. After the jury had retired to deliberate, the foreman delivered a note to the judge which read as follows:
“In this case would a crime have taken place if the law enforcement agents [had] not provided cash to entice a desperate man to commit a crime he had not premeditated, prior to the arrival of the C.I.?”
The trial judge responded that premeditation was not relevant to the case and gave no further instructions as to that issue. The defendants now claim that instructions should have been given as to the issue of entrapment.
It should be noted that at the time the trial judge acted on the jury’s request, the defense counsel did not object and, thus, waived the right to complain of that error on appeal pursuant to La.C.Cr.P. art. 841. The matter will, nevertheless, be addressed.
La.C.Cr.P. art. 802 provides in part:
“The court shall charge the jury:
“(1) As to the law applicable to the case;
La.C.Cr.P. art. 808 provides:
“If the jury or any member thereof, after having retired to deliberate upon the verdict, desires further charges, the officer in charge shall bring the jury into the courtroom, and the court shall in the presence of the defendant, his counsel, and the district attorney, further charge the jury. The further charge may be verbal.”
A trial judge is required to charge the jury, when properly requested, as to law applicable to any theory of defense which jurors could infer from the evidence. The requested jury charge, however, must be supported by the evidence. State v. Kendig, 451 So.2d 124 (La.App. 3rd Cir.1984); State v. Jackson, 450 So.2d 621 (La.1984).
*238 The record shows that the issue of entrapment was not raised during the trial and could not be inferred from the evidence. The law of entrapment was not applicable to the case, and it was proper for the trial judge not to instruct the jury about it. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 6
In their last assignment of error the defendants claim that the trial court erred in allowing testimony regarding hearsay evidence where the witnesses could not identify the person who was allegedly making the statements. The defendants contend that at trial officers were permitted to repeat statements made by “Buddy” but yet they were not able to identify “Buddy.”
From the record it does appear that several officers did testify as to statements made by “Buddy” but could not identify the voice of “Buddy.” [There is no question that “Buddy” is the nickname of Osborne Taylor. The defense counsel, in fact, repeatedly referred to Taylor by that nickname.]
In State v. Small, 427 So.2d 1254 (La.App. 2nd Cir.1983), testimony concerning a telephone conversation was admissible and not considered hearsay, for the witness testifying recognized the caller’s voice and was properly testifying as to facts within his knowledge. In the case before us the officers could not identify “Buddy’s” voice. The testimony could therefore be considered hearsay. It’s admission, however, was harmless error. La. C.Cr.P. art. 921. This testimony would not have affected the determination of the defendants’ guilt or innocence. Furthermore, a transcript of the conversation to which the officers referred was admitted in its entirety. This assignment of error lacks merit.
For the foregoing reasons, the convictions are affirmed,
AFFIRMED.