494 So.2d 1246 (1986)
STATE of Louisiana, Appellee,
v.
Arthur Lee HOBBS, Appellant.
No. 17791-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
*1248 Marshall L. Sanson, West Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., James Allan Norris, Jr., Dist. Atty., John P. Spires, Asst. Dist. Atty., Monroe, for appellee.
Before HALL, C.J., and MARVIN and FRED W. JONES, JJ.
HALL, Chief Judge.
Defendant, Arthur Lee Hobbs, was charged by grand jury indictment with manslaughter, a violation of LSA-R.S. 14:31. Defendant entered a plea of not guilty. A jury found defendant guilty as charged and the trial court sentenced him to serve 21 years at hard labor. Defendant has appealed asserting five assignments of error. Finding no merit in these assignments, we affirm.

FACTS
Although unmarried, defendant had been living with the victim, Fannie Mason, and her children for several years. During the evening of July 10, 1983, the couple got into an argument. Defendant had been drinking earlier. The victim's son, Eddie Mason, awoke early the next morning to cries for help coming from his mother's bedroom. Eddie rushed into the bedroom and found his mother lying on the floor engulfed in flames. Across the room defendant was stomping out a small fire burning from underneath his feet. Eddie and his older brother, Terry Mason, wrapped a sheet around their mother's body in order to extinguish the fire. While Eddie was in the bedroom his mother told him that the defendant "had poured alcorub on her and set her on fire."
The victim's daughter, Ida Hampton, arrived at the scene moments before her mother was taken to the hospital. When Ida asked her mother what had happened, the victim replied that the defendant tried to kill her. She said that after pouring rubbing alcohol on her the defendant threw a lighted match causing a fire to ignite.
After helping his mother into the car, Terry drove her and defendant to the hospital. While being helped in the car and en route to the hospital, the victim repeated her story that defendant tried to kill her. Officer Barry Downs arrived at the hospital around 4:45 a.m. and took statements from both the victim and defendant. The victim suffered second, third, and fourth degree burns over 45% of her body. She remained hospitalized for two weeks until complications resulting from her wounds caused her death on July 25, 1983.

ASSIGNMENT OF ERROR NUMBER 1
Defendant argues that the trial court erroneously allowed the state to introduce evidence that was outside the scope of its opening statement. In particular, defendant asserts the prosecution failed to state in its opening remarks that the crime occurred in Morehouse Parish.
The state called Officer Downs who had taken a recorded statement from defendant. Defense counsel objected to that portion of the recording which referred to the location of the crime. However, earlier testimony from the state's first witness concerning the location of the crime had not been objected to by defendant's attorney.
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. LSA-C.Cr.P. Art. 841. In the present case, defendant's objection to introduction of evidence concerning the location of the crime came too late. Eddie Mason had previously testified, without objection, that the home where he and his mother lived and where the incident occurred was located in Bastrop. Therefore, the defendant may not avail himself of the alleged error on appeal. State v. Sepulvado, 359 So.2d 137 (La. 1978).
Furthermore, this assignment of error has no merit. The prosecution's opening statement describing the nature of the charge and the evidence is not required to note the location of the crime when it is not in dispute. LSA-C.Cr.P. Arts. 766 and 769. State v. Dillon, 255 So.2d 745 (La.1971); *1249 State v. Ferdinand, 285 So.2d 530 (La. 1973); State v. Kendig, 451 So.2d 124 (La. App. 3d Cir.1984). Here, there is no dispute as to where the offense occurred. At no time prior to trial did defense counsel file a motion to quash alleging that Morehouse Parish was not the proper venue. Also, defendant does not complain that he was prejudiced or surprised by the evidence indicating the location of the crime.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
Defendant argues that the trial court erroneously allowed the state to introduce statements made by the victim to her children. In his brief, defense counsel, without citing any legal authority, asserts the statements should have been disallowed because the victim was in a hostile and painful state of mind. At trial, defense counsel interposed a hearsay objection to testimony by the victim's son, Eddie Mason, concerning statements his mother made to him. Before this testimony was elicited, the trial court overruled defendant's hearsay objection.
Eddie stated his mother told him defendant tried to kill her by pouring alcorub on her back and lighting it with a match. This testimony constituted hearsay. Hearsay is generally inadmissible except as provided by statute or one of the well recognized hearsay exceptions. One exception is the res gestae doctrine. What forms any part of the res gestae is always admissible evidence. Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive, and spontaneous words and acts of the participants. To constitute res gestae, the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction. LSA-R.S. 15:447 and 15:448; State v. Green, 448 So.2d 782 (La.App. 2d Cir.1984).
The victim's statements to her son at the scene were clearly made under the immediate pressure of the occurrence. Her statements were part of a continuous chain of events which began when the defendant set her on fire. As part of the res gestae, the statements constituted admissible evidence.
The statement is also admissible as an "excited utterance." Under this hearsay exception, statements made under the influence of a startling event are deemed admissible, provided there was an occurrence or event sufficiently startling to render normal, reflective thought processes of an observer inoperative. The statement must be a spontaneous reaction to the occurrence or event and not the result of reflective thought. State v. Brown, 395 So.2d 1301 (La.1981).
It is undeniable that the victim's declarations to her son were made under the influence of a startling event because they occurred moments after she had been set on fire. The evidence revealed the victim was in great pain due to her severe injuries and could not have engaged in reflective thought. Thus, the statements fall within the excited utterance exception to the hearsay rule.
The testimony of Terry Mason and Ida Hampton concerning statements made by the victim to them was not objected to at trial, therefore, defendant cannot avail himself of this alleged error on appeal. LSA-C.Cr.P. Art. 841. Further, these statements made at the victim's home and on the way to the hospital fall within the excited utterance exception as previously explained.
An investigator with the sheriff's department took a recorded statement from the victim in the emergency room of the hospital. In the statement the victim repeated her story that the defendant threw the alcorub on her and threw the match at her, corroborating the testimony of her children as to her earlier statements. The trial court refused to allow the state to offer the recorded statement into evidence, but the defense later offered the statement into evidence and the tape was played for *1250 the jury. The defendant cannot complain on appeal about the admissibility of evidence offered at trial by the defense.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 3
By this assignment of error, defendant contends that there was insufficient evidence to prove him guilty of the crime charged. Specifically, defendant asserts that he was guilty of negligent homicide which is not a responsive verdict to the charge of manslaughter.
In order to satisfy due process standards, the evidence, when viewed in the light most favorable to the prosecution, must be sufficient for a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984); State v. Cook, 465 So.2d 825 (La.App. 2d Cir.1985).
Defendant was found guilty as charged of manslaughter. The state presented three witnesses who testified that the victim stated she was intentionally set on fire by the defendant. This evidence was corroborated by the victim's recorded statement which was offered into evidence by the defense. Defendant offered a different version of what happened. He testified that the victim was trying to burn him, that she took the bottle of alcorub from him and "dashed" it on him, and that her gown accidentally caught fire when he lit a match for a cigarette. However, the jury believed the state's witnesses along with the victim's recorded version of the incident. The jury verdict is supported by substantial, credible evidence.
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded the essential elements of the crime of manslaughter were proven beyond a reasonable doubt.
Under these facts the jury could have found (1) that defendant intended to kill or inflict great bodily harm upon the victim while in a sudden heat of passion; or (2) that defendant did not intend to cause death or inflict great bodily harm upon the victim but was engaged in the commission of (a) a non-enunciated felony, that is, an aggravated battery, by pouring alcorub on the victim and lighting it with a match, the alcohol and match constituting a dangerous weapon in the manner used (see LSA-R.S. 14:2), or (b) an intentional misdemeanor directly affecting the person, that is, simple battery accomplished by setting the victim on fire.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 4
By this assignment defendant contends that the trial court erred in imposing an excessive sentence. In particular, defendant asserts the trial court failed to give proper consideration to the factors outlined in LSA-C.Cr.P. Art. 894.1. Defendant alleges he is a first felony offender and unlikely to commit another crime.
The trial court adequately articulated reasons for the sentence imposed as required by Article 894.1. The sentence is proportionate to the severity of the offense and is not a needless imposition of pain and suffering. Although the defendant, age 55, is a first felony offender, the crime committed by him is a very serious offense. The trial court concluded the seriousness of the offense which resulted in the loss of Fannie Mason's life outweighed the fact that this was defendant's first felony conviction. In the trial judge's opinion, to impose a lesser sentence would deprecate the seriousness of the offense.
The presentence investigation reveals defendant is unable to read or write, having dropped out of school in the fourth grade. Defendant was convicted of public drunkenness in 1954. In 1956, and again in 1974 he was convicted of disturbing the peace. Defendant has been employed as a farm laborer most of his life. He is divorced with one child born out of wedlock. It is not clear whether he supports his child. Since his marriage ended, the defendant *1251 has lived with seven women, including the victim.
Maximum sentences are generally appropriate only in cases involving defendants who commit an offense in the most serious manner and who are determined, under statutory guidelines, to be the worst kind of offenders. State v. Telsee, 425 So.2d 1251 (La.1983). In the present case, defendant's violent act caused the victim, who was partially paralyzed from childhood polio, to suffer excruciating pain before her death. The sentence imposed is within the penalty described by statute for the offense and is proportionate to the brutal injuries inflicted by the defendant. Although the maximum sentence was imposed on this defendant, under the recited circumstances we do not find the sentence to be legally excessive or to be a manifest abuse of the court's sentencing discretion. State v. Square, 433 So.2d 104 (La.1983).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 5
By this assignment defendant contends he was deprived of effective assistance of counsel. This issue was raised for the first time on appeal by the same attorney who represented defendant at trial. While the adequacy of representation is normally relegated to post conviction relief applications, we consider the assignment and find it without merit. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Keleman, 444 So.2d 1328 (La.App. 2d Cir.1984). Defendant complains of the failure of his attorney to timely object to testimony concerning the location of the crime. Additionally, defendant argues his appointed counsel had not been practicing at the bar for five years prior to trying his manslaughter case.
As previously mentioned, the state is not required to note the location of the crime in its opening statement when the location is not in dispute. Hence, defendant was not prejudiced by his attorney's omission.
The legislature has mandated that counsel assigned in a capital case must have been admitted to the bar for at least five years. LSA-C.Cr.P. Art. 512. A conviction for manslaughter, however, could not result in capital punishment thereby rendering this article inapplicable. There is no statutory or jurisprudential authority for defendant's proposition that an indigent defender in any homicide case should have at least five years experience.
Finding no merit in the defendant's assignments of error, his conviction and sentence are affirmed.
AFFIRMED.