454 So.2d 358 (1984)
STATE of Louisiana
v.
Clarence FLUKER.
No. KA 1528.
Court of Appeal of Louisiana, Fourth Circuit.
July 31, 1984.
*360 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Crim. Div., Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
George R. Simno, III, Gertler & Gertler, New Orleans, for defendant-appellant.
Before REDMANN, GARRISON and BARRY, JJ.
GARRISON, Judge.
The defendant, Clarence Fluker, was charged by bill of information with manslaughter in violation of R.S. 14:31. On January 26, 1983, he was found guilty as charged by a twelve member jury and was later sentenced to serve twenty-one years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appeals his conviction and sentence.
The facts of this case are as follows: On September 29, 1982, the defendant and Bruce Phillips became involved in an argument which stemmed from a call in a neighborhood football game. This argument eventually led to a physical confrontation in which Phillips struck the defendant several times in the face. After harsh words were exchanged by the two men, the defendant ran across the street to his father's house where he searched for and found a revolver. He ran back to the scene of the fight and fired one shot into the air. He fired a second shot in Phillips' direction but this shot did not hit anyone. The third and fourth shots fired by the defendant hit Phillips in the head and caused fatal injuries. After the shooting, the defendant ran back to his father's house where he returned the revolver and then quickly left the premises. The defendant surrendered to the police shortly thereafter. He testified at trial that it was not his intention to hurt Phillips; rather, he only wanted to scare him.
A review of the record reveals that there are no errors patent.
The sufficiency of evidence to support appellant's conviction must be reviewed in accordance with State v. Raymo, 419 So.2d 858 (La.1982). In assessing the sufficiency of evidence in a direct evidence case, the reviewing court must determine whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In this case, the appellant was convicted of manslaughter in violation of La. R.S. 14:31. La.R.S. 14:31 defines the offense of manslaughter as follows:
Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in *361 Articles 30 or 30.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.
Willie Moore, an eyewitness to this incident, testified at trial that following an argument and fist fight with Phillips, the defendant ran to his father's house and immediately returned to the scene of the fight armed with a gun. The defendant shot the unarmed Phillips twice in the head and these shots caused Phillips' fatal injuries. Viewing the facts in the light most favorable to the prosecution, the jury could have convicted the appellant of manslaughter.
On appeal, the defendant alleges seven assignments of error:
1) The trial court erred in refusing to allow the defense to make an opening statement prior to calling defense witnesses.
2) The trial court erred in refusing to grant the defendant's motion for mistrial based on the improper remarks made by the District Attorney during voir dire.
3) The trial court erred in denying the defendant's motion in limine on the issue of prosecutor's remarks with respect to already having given the defendant a break in determining what charge would be filed against him in court by way of bill of information.
4) The trial court erred in allowing the prosecutor to make improper remarks in his opening statement.
5) The trial court erred in refusing to give the defendant's requested jury charges on the issues of a) negligent homicide; b) criminal negligence; c) compulsion; and d) justification.
6) The trial court erred in allowing the prosecutor to make improper remarks during closing argument.
7) The sentence imposed by the trial court upon the defendant is excessive.

ASSIGNMENT OF ERROR # 1
The defense alleges as error the refusal of the trial judge to allow their opening statement to be made after the close of the State's case and prior to the calling of defense witnesses. In the transcript of this case on page 10, the court reporter noted:
"... Mr. McMahon then conducted the state's opening statement, during which the defense lodged no objections, and after which the defense waived their opening statement, resting upon their presumption of innocence, at which time the Court instructed the jury as to the law that this should not be held against the defendant and that opening statements are not to be taken as evidence in the case."
The defense contends that the record does not accurately reflect what transpired at this point in the trial. Rather, defense counsel claims that he reserved his right to make an opening statement at a later time. Only that which is in the record may be reviewed on appeal in criminal cases. State v. Whorton, 440 So.2d 858 (La.App. 2nd Cir.1983); State v. Oubichon, 422 So.2d 1140 (La.1982). Therefore, it must be concluded that the record is accurate and that the defendant waived his right to an opening statement prior to trial.
As for defendant's argument that the trial judge may alter the normal course of the trial proceedings and, thus, could have allowed the defense to make an opening statement at the close of the State's case, the case of State v. Lowdins, 412 So.2d 1349 (La.1982), dealt with the identical situation. In Lowdins, the trial judge had refused to allow defense counsel to make an opening statement at the close of the State's case and the Louisiana Supreme Court found no abuse of discretion on the part of the trial judge because defense counsel made no compelling argument to show that the trial court's refusal to vary the normal order of trial prejudiced the *362 defendant. Defense counsel in the instant case certainly has made no such showing of prejudice to the defendant. Therefore, this assignment of error is without merit.

ASSIGNMENTS OF ERROR # 2, # 3, and # 4
These three assignments can be consolidated into one argument that the trial judge erred in refusing to grant a mistrial based on the improper remarks made by the district attorney during voir dire and the opening statement. Defendant's grievance is with the following remarks made by the district attorney during voir dire:
"... If, however, the state has proved him guilty in your mind, beyond a reasonable doubt, it's your duty as jurors to pronounce him guilty. Sympathy is not good enough. This is a manslaughter charge. The state has already had sympathy by not charging him with anything stronger than that." Tr. p. 8.
The defense lodged no objections to similar remarks made by the district attorney during the opening statement. Article 770 of the Code of Criminal Procedure outlines the bases for a mandatory mistrial:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
The remarks made by the district attorney do not fall within the scope of Article 770 and were not so prejudicial to the defendant so as to warrant a mistrial. It should be noted that defendant only requested a mistrial and did not request an admonition to the jury by the judge.
Even if these remarks were found to be improper, a conviction will not be reversed unless the reviewing court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Sharp, 418 So.2d 1344 (La.1982). We do not find this to be the situation in the instant case. Because the trial judge properly denied defendant's motion for mistrial, this argument is also without merit.

ASSIGNMENT OF ERROR # 5
The defense contends that the trial court erred in refusing to instruct the jury on the issues of negligent homicide, criminal negligence, compulsion, and justification. Code of Criminal Procedure Article 807 provides, in pertinent part:
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent."
However, the case of State v. Telford, 384 So.2d 347 (La.1980), clearly states that requested special charges must be supported by the evidence presented at trial because the trial court is not required to instruct the jury on abstract principles of law. In the instant case, the trial judge adequately instructed the jury as to all of the elements of manslaughter which had to be proven beyond a reasonable doubt.
As for defendant's request that charges relating to negligent homicide and criminal negligence be given, the definitions of these crimes are as follows:
Negligent homicide is the killing of a human being by criminal negligence. La.R.S. 14:32;
Criminal negligence exists when, although neither specific nor general criminal *363 intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances. La.R.S. 14:12
As pointed out in the State's brief, the defendant admitted his intent to commit an aggravated assault in that it was his intention to scare Phillips with the gun. Because of this admitted criminal intent, the defendant's request for these two charges was correctly denied. In reference to the requested charges on compulsion and justification, no evidence was presented at trial which would support this self-defense theory urged by the defendant. On the contrary, the facts of this case indicate a vicious killing in which at least three shots were fired at an unarmed man who in no way gave the defendant any reason to believe that the defendant's own life was in danger. Therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR # 6
The defendant argues that the trial court erred in allowing the prosecutor to make improper remarks during the closing argument. The prosecutor again made reference to the State's sympathy toward the defendant in not charging him with anything greater than manslaughter. The issue of the alleged impropriety of this remark has already been addressed in Assignments of Error # 2, # 3 and # 4 above. Additionally, the defendant contends that the trial judge improperly denied his request for mistrial and admonitions based on the prosecutor's reference in closing argument to the defendant's commission of another crime in that he discharged a firearm within the city limits. Defendant bases his argument for mistrial on the portion of C.Cr.P. 770 which states that a mistrial shall be ordered by the trial judge when a remark is made referring to "another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible." The prosecutor's remark referred to a lesser included offense in the instant charge of manslaughter. Both offenses arose out of the same incident; therefore, this was not a reference to "another crime" as contemplated by C.Cr.P. 770. Article 774 which defines the scope of closing arguments states:
"The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case."
Therefore, because evidence was admitted at trial as to defendant's use of a firearm within the city limits, these remarks by the prosecutor were within the scope of closing argument. This assignment of error is without merit.

ASSIGNMENT OF ERROR # 7
Finally, the defendant contends that the trial court imposed an unconstitutionally excessive sentence. Defendant was given the maximum sentence for manslaughter of twenty-one years at hard labor, and, as required by C.Cr.P. 893.1,[1] without benefit of parole, probation or suspension. Defendant argues that the trial judge erred in not ordering a presentence investigation to determine any mitigating factors in defendant's history which would permit a lighter sentence. The Louisiana Supreme Court has held that there is no mandate that a presentence investigation be ordered; rather, it is merely an aid to the court and not a right of the accused. State v. Bell, 377 So.2d 275 (La.1979).
*364 Defendant also alleges that the trial judge failed to comply with C.Cr.P. Art. 894.1 which mandates that the trial judge articulate his reasons for a sentence to ensure that the sentence has been particularized to fit the offense and the offender. A review of the transcript of the sentencing hearing clearly indicates that the trial judge complied with the 894.1 guidelines in sentencing the defendant.
As for the defendant's contention that the trial judge announced that it was his policy to give maximum sentences for manslaughter convictions, there is no evidence of this in the record. Considering the vicious manner in which this killing was committed, the maximum sentence of twenty-one years at hard labor is not excessive and was not a manifest abuse of the trial judge's discretion.
Therefore, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] La.C.Cr.P. 893.1 states:

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.