475 So.2d 116 (1985)
STATE of Louisiana, Appellee,
v.
Elgin Earl "Sonny" LAHRMANN, Appellant.
No. 17148-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1985.
Rehearing Denied September 20, 1985.
*117 Parkerson, Smith & Hingle by J. Randolph Smith, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James Allan Norris, Jr., Dist. Atty., Michael J. Fontenot, Asst. Dist. Atty., Monroe, for appellee.
Before JASPER E. JONES, NORRIS and LINDSAY, JJ.
JASPER E. JONES, Judge.
The defendant, Elgin "Sonny" Lahrmann, was charged by bill of information with six counts of distribution of marijuana in violation of LSA-R.S. 40:966. Pursuant to a plea bargain agreement he pled guilty to one count and the other five counts were dismissed. The trial court subsequently sentenced defendant to four years at hard labor and imposed a fine of $2,500.00. Defendant appeals his sentence relying on four assignments of error. Finding merit in defendant's assignment of error relating to the trial court's refusal to grant his motion to traverse the presentence report, we reverse.[1]
At a hearing held November 5, 1984 the trial court accepted defendant's plea, ordered a presentence investigation report and set sentencing for December 20, 1984. After the presentence report was compiled a copy was apparently furnished to defense counsel. Included in the report is hearsay information to the effect that defendant was suspected by law enforcement officials of having been involved in the selling of marijuana for some time prior to the instant offenses and of continuing his involvement with this activity after his arrest. Prior to the imposition of sentence defense counsel filed a motion to traverse the presentence report and to continue sentencing. The alleged grounds for the motion are that the information pertaining to defendant's continued involvement with selling marijuana after his arrest is false. The motion was denied.
It is well settled that the defendant must be given the opportunity to rebut substantially significant false information which is relied upon by the trial court in imposing a heavy sentence. State v. Bosworth, 360 So.2d 173 (La.1978); State v. Trahan, 367 So.2d 752 (La.1978); State v. Lockwood, 399 So.2d 190 (La.1981); State v. Parish, 429 So.2d 442 (La.1983); State v. Colvin, 452 So.2d 1214 (La.App.2d Cir. 1984).
In denying the motion to traverse the trial judge stated that he did not consider in determining sentence the information *118 about defendant's involvement with marijuana subsequent to his arrest on the charge to which he had pled guilty. The judge stated that the sentence was based on defendant's criminal record and the fact that he has not benefited from prior lenient treatment. We agree with the trial court's determination that the record supports the sentence imposed without considering the alleged misinformation[2] and find no indication that the judge allowed that information to affect his determination of a proper sentence; however, the Louisiana Supreme Court, whose decisions we are bound to follow, has held that the defendant is entitled to the opportunity to refute any misinformation contained in the presentence report even where the sentencing judge states that his decision was not affected by the misinformation. State v. Trahan, supra; State v. Lockwood, supra.
The facts of the instant case are almost identical to those in Trahan. There the defendants were charged with drug distribution offenses. The presentence report contained hearsay information to the effect that defendants had been selling drugs for a considerable period of time. The trial judge refused to grant a motion to traverse stating that he did not consider the hearsay information in determining the sentences to be imposed. In reversing the trial court's denial of the motion to traverse the supreme court stated:
The state contends, however, that these principles are inapplicable because the trial court did not rely upon the hearsay in the pre-sentence investigation reports. The conscientious trial court stated with undoubted sincerity that it disregarded the hearsay reports of extensive criminal activity.
Nevertheless, the trial court was exposed to the allegedly grossly prejudicial misinformation, which the defendants had no opportunity to rebut. The record as a whole indicates a reasonable probability that the court may have been at least unconsciously influenced by such information, in imposing such heavy sentences upon first offenders for what on the record (unless one considers the pre-sentence reports) appear to be small transactions of an isolated nature. See State v. Underwood, 353 So.2d 1013, 1019 (La.1977). Due process principles previously cited require that the accused be afforded an opportunity to dispel such factors tending to justify severity of sentences, if false.
The supreme court cases of Trahan and Lockwood require that defendant's sentence be vacated and the case be remanded for resentencing with defendant being afforded the opportunity to traverse the presentence report.
REVERSED and REMANDED.
NOTES
[1] Defendant also complains that the sentence is excessive and the trial court failed to comply with the LSA-C.Cr.P. art. 894.1 guidelines in imposing sentence. Because our disposition of the assignment relating to the motion to traverse requires that the sentence be vacated and the case be remanded for resentencing, we find it unnecessary to address the other assignments of error.
[2] The presentence report indicates that in addition to the six offenses involved in the instant case defendant was previously arrested for possession of marijuana. In return for defendant's promise to complete a drug abuse program the charge was dropped. Since his arrest on the instant offense defendant has been convicted of indecent exposure and driving while intoxicated.