482 So.2d 141 (1986)
STATE of Louisiana
v.
Johnny HAMPTON, Jr.
No. KA-4015.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
*142 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Susan S. Hunt, Asst. Dist. Atty., New Orleans, La., for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, La., for appellant.
Before WARD and BYRNES, JJ., and HUFFT, J. Pro Tem.
BYRNES, Judge.
Defendant was charged with second degree murder, a violation of R.S. 14:30.1, convicted of manslaughter, a violation of R.S. 14:31, and sentenced to 21 years at hard labor. Defendant now appeals, assigning as error the excessiveness of this sentence. We affirm.

ERRORS PATENT
We have reviewed the record of defendant's conviction for errors patent and find no errors.

EXCESSIVE SENTENCE
The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. Art. 894.1 in determining the defendant's particular sentence. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984).
Once adequate compliance with Art. 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most serious violators of the offense charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
In this case, the sentencing transcript reveals that the trial judge adequately complied with C.Cr.P. Art. 894.1. He noted that defendant's only prior conviction was for DWI and that he had no prior history of violent behavior. However, he also noted that the victim in this case, a 65 year old man, had been beaten to death with a crowbar in an argument over five *143 dollars. The court clearly felt that the brutal nature of the crime warranted the maximum sentence. We agree.
In State v. Fluker, 454 So.2d 358 (La. App. 4th Cir.1984), the defendant shot another man in the head in an argument over a call in a neighborhood football game and was convicted of manslaughter. This court upheld defendant's 21 year sentence and stated that:
Considering the vicious manner in which this killing was committed, the maximum sentence of twenty-one years at hard labor is not excessive and was not a manifest abuse of the trial judge's discretion. 454 So.2d at 364.
In this case, the defendant was convicted of manslaughter on the basis of the jury's conclusion that he bludgeoned the victim to death in an argument over five dollars. Under these circumstances we cannot say that a 21 year sentence was a manifest abuse of the trial judge's discretion. See also: State v. Germain, 433 So.2d 110 (La. 1983).
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.