JASPER E. JONES, Judge.
The defendant, Daniel Joseph Taylor, pled guilty to the crime of manslaughter, a violation of LSA-R.S. 14:31, and was sentenced to serve eighteen years at hard labor. The defendant appeals the sentence relying on three assignments of error. Finding merit in two assignments of error, we vacate the sentence and remand for resentencing in accordance with instructions.[1]
On December 29, 1984, the defendant was arrested in connection with a homicide which occurred in the victim Johnny Johnston’s home. While intoxicated, the defendant went to the victim’s home to demand payment for expenses allegedly charged to the defendant’s VISA account by the victim. During the confrontation, *756 the defendant’s rifle discharged, killing the victim.
The defendant was indicted by grand jury for second degree murder but pled guilty to manslaughter pursuant to a plea bargain following one day of jury selection.
The defendant asserts the following assignments of error:
(1) The trial court erred in denying defendant’s motion for a pre-sentence hearing; and
(2) The trial court erred in refusing to allow defendant to introduce evidence, both documentary and testimonial, prior to sentencing, to explain or rebut adverse sentencing information which was preju-dicially false or misleading.

Assignments of Errors No. 1 and No. 2

Prior to imposing sentence the trial court ordered a presentence investigation. The PSI contained statements made by the prosecuting assistant district attorney indicating his belief the defendant had intended to kill the victim and had received a “break” when he was allowed to plead to the lessor offense of manslaughter.
The defense filed a motion for a presen-tence hearing to introduce evidence countering the alleged prejudicial remarks made by the district attorney. The trial judge denied the motion and sentenced the defendant to serve eighteen years at hard labor.
Defense counsel contends the remarks made by the district attorney are patently false. The defendant apparently contends that he pled guilty to manslaughter on the theory that he was guilty of a homicide committed without any intent to cause death while engaged in an aggravated assault in violation of LSA-R.S. 14:31(2)(a).[2] Further, defendant contends the trial court erred in denying the defendant an eviden-tiary hearing before sentencing at which the defendant could have rebutted the state’s remarks by telling his version of the events. Defendant finally contends the eighteen year sentence imposed upon this defendant indicates the trial court was influenced by these remarks which were contained in the PSI.
The defendant must be given the opportunity to rebut substantially significant false information which is relied upon by the trial court in imposing a heavy sentence. State v. Underwood, 353 So.2d 1013 (La.1977); State v. Trahan, 367 So.2d 752 (La.1978); State v. Lahrmann, 475 So.2d 116 (La.App. 2d Cir.1985).
In his reasons for denying the defense motion, the trial judge stated an evidentia-ry hearing was not necessary as the court had already concluded, in agreement with the defense, that the defendant did not have the specific intent to kill the victim. Stated more specifically, the trial judge apparently believed there was no issue upon which defense counsel could submit rebuttal evidence as the court itself had pronounced the prosecutor’s statements false.
Where the court has imposed a heavy sentence the defendant was entitled to an evidentiary sentencing hearing to traverse allegedly grossly prejudicial information contained in a PSI, even though the trial judge affirmatively states that he has disregarded the prejudicial information because the court may have been unconsciously influenced by such information. State v. Underwood, supra; State v. Lahrmann, supra. Despite the trial judge’s stated disregard of the remarks, we conclude the record reveals the trial judge may have been influenced by the statement in the imposition of sentence. Indeed, the district attorney’s remarks were the only derogatory statements about the defendant contained in the PSI. The defendant had no prior criminal record. He had held a steady job with a paper company in Baton Rouge for about twelve years. Statements made by his employer *757 included in the report indicated his belief the defendant had good character and was executive management potential. The defendant’s mother spoke of his good character and family concern for the defendant’s welfare. The trial court also had before it numerous letters from the defendant’s friends, family, and employer urging the court to show leniency in sentencing in light of the defendant’s background.
In sentencing the defendant, the trial court noted the intoxicated state of the defendant at the time he went to the deceased’s home, armed with “a weapon primarily designed for killing although” “albeit to simply scare the deceased.” The trial court further considered the “leniency granted under [the] plea bargain” as a factor in imposing sentence.
The trial court imposed an eighteen year sentence which is so near the maximum of 21 years that it is apparent the trial court may have unconsciously given some weight to the prosecutor’s comments contained in the PSI. The record does not reveal the defendant to be the worst type of offender for which a maximum sentence is appropriate. State v. Lanclos, 419 So.2d 475 (La.1982).
We conclude the trial court erred in denying the defendant’s motion for a presen-tence evidentiary hearing. Minimal due process requires the defendant be afforded the opportunity to explain the incident and counter the prejudicial impact of the prosecutor’s remarks. An evidentiary hearing should have been granted by the trial judge in this case in light of the supreme court’s comments in State v. Telsee, 425 So.2d 1251 (La.1983), “An opportunity to present information at a presentence hearing is of particular importance when the defendant pleads guilty because it may be his only chance to effectively present his version of the offense and his version of mitigating factors.” The cited supreme court cases and fairness to the defendant require us to vacate the sentence and remand to the trial court for a presentence evidentiary hearing and resentencing.
Sentence REVERSED and case REMANDED for resentencing.

. In his third assignment of error, the defendant complains his sentence is excessive. We need not address this assignment as we vacate the sentence based upon defendant’s first two assignments of error.

. § 31. Manslaughter Manslaughter is: (2) A homicide committed, without any intent to cause death or great bodily harm. (a) When the offender is engaged in the perpetration ... of any intentional misdemean- or directly affecting the person ...