535 So.2d 1146 (1988)
STATE of Louisiana, Appellee,
v.
Daniel Joseph TAYLOR, Appellant.
No. 20061-KA.
Court of Appeal of Louisiana, Second Circuit.
November 30, 1988.
*1147 Rebecca Hudsmith, Wellborn Jack, Jr., Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul Carmouche, Dist. Atty., Shreveport, A.M. Stroud, III, Powell A. Layton, Jr., and Tommy Johnson, Asst. Dist. Attys., for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and LINDSAY, JJ.
JASPER E. JONES, Judge.
The defendant, Daniel Joseph Taylor, was indicted by grand jury for the crime of second degree murder[1] but pled guilty to the crime of manslaughter[2] following one day of jury selection. The defendant was sentenced to serve eighteen years at hard labor. The defendant appealed his sentence to this court and assigned as error the trial court's denial of the defense motion for an evidentiary hearing to rebut prejudicial statements made by the prosecutor contained in the presentence investigation. Finding merit in defendant's contention, this court vacated the defendant's sentence and remanded the matter to the trial court for a presentence evidentiary hearing and resentencing. See State v. Taylor, 514 So.2d 755 (La.App. 2d Cir. 1987). The trial court resentenced the defendant to serve eighteen years at hard labor. The defendant now appeals the sentence as excessive. We vacate the sentence and remand for resentencing in accordance with instructions.

FACTS
The record reflects the defendant and the victim Johnny Johnston had known each other for several years. The victim resided in Shreveport. The defendant resided in Baton Rouge but frequently returned to Shreveport to visit his family. Upon one such visit, the defendant rented a vehicle and paid for its use with his VISA card. The defendant was accompanied by Johnston when he rented the vehicle. The next day the defendant entrusted the keys to Johnston for return of the vehicle to the rental company. The defendant was later notified that the vehicle remained in use for ten additional days and these rental expenses were owed by defendant and charged to his VISA card.
The defendant sought payment from Johnston over the course of several weeks for the additional charges totaling in excess of $400. Prior to the events which *1148 resulted in his death Johnston had paid the defendant $75.00.
On December 28, 1984 the defendant had been drinking at Cowboy's in Shreveport. When the lounge closed at 2:00 a.m. the defendant proceeded to Johnston's house to demand payment for the balance of the car rental bill. The defendant drove his car to the victim's house accompanied by his friend "Red" Carraway. The defendant was armed with his loaded Winchester rifle. Upon arriving at the victim's house the defendant instructed Carraway to remain in the car while defendant entered the residence. Shortly after his arrival defendant's rifle was fired, fatally wounding the victim. The defendant has maintained throughout the course of these proceedings that the shot was fired accidentally. Carraway heard the single shot and left the premises. The defendant dialed emergency assistance but because of fear he did not wait for a response to his call and returned to his mother's home. The following day the defendant appeared at the police station and admitted his involvment with the shooting.
The grand jury returned an indictment charging defendant with the crime of second degree murder. The defendant and the state entered into plea negotiations and the defendant entered a guilty plea to the crime of manslaughter pursuant to a plea bargain. The trial court imposed sentence of eighteen years at hard labor. The defendant appealed, assigning as error failure of the trial court to grant the defense motion for an evidentiary hearing to present rebuttal evidence to counter prejudicial statements made by the prosecutor. The prosecutor's statements contained in the presentence investigation indicated the prosecutor's belief that the defendant intended to kill the victim. This court vacated sentence, remanded the matter to the trial court, and ordered a presentence evidentiary hearing be held to allow the defendant to present evidence in mitigation. After the presentation of evidence at the hearing, the trial court again sentenced the defendant to imprisonment of eighteen years at hard labor. The defendant now appeals his sentence.

ISSUES
The defendant urges two assignments of error. First, the defendant contends the trial court erred in considering the credibility of the defendant as a factor in sentencing. Second, defendant contends the trial court erred in imposing a constitutionally excessive sentence.

LAW AND ANALYSIS
The defendant first argues the trial court erred in considering the credibility of the defendant as a factor in the imposition of sentence. The record reflects the trial court noted inconsistencies in defendant's statements as a result of his testimony at the presentence evidentiary hearing. At the hearing the defendant stated he brought his loaded 30-30 Winchester rifle to the victim's house the night of the shooting in order to exchange it for the victim's more expensive .45 caliber pistol. The defendant stated he planned to keep Johnston's weapon as collateral for the money owed him. The trial court noted this explanation for the presence of defendant's weapon was not given by the defendant in his statement to the police but rather was offered for the first time during his testimony at the second sentencing hearing. Further, at the second sentencing hearing the defendant recanted a previous story he originally told the police that the victim had a pistol in his boot preceding the fatal confrontation. The defendant's later statement at the second sentencing hearing indicated he did not remember seeing the victim with the alleged pistol.
The defense position that the trial court erred in weighing the credibility of the defendant as a factor in sentencing is fallacious. Without question one reason defense counsel sought the presentence evidentiary hearing was to present evidence favorable to the defendant which would result in a lesser sentence. Defense counsel put forth the issue of the defendant's credibility by calling him to the stand to testify.
The trial court's opinion of the witness's credibility cannot, standing alone, *1149 form the basis for a determination of sentence. State v. Soco, 441 So.2d 719 (La. 1983); State v. Smith, 407 So.2d 652 (La. 1981).[3] In the instant case, the trial court's observation that defendant's credibility was found to be lacking cannot be construed as the sole basis for the imposition of sentence. The trial court noted mitigating and aggravating factors in compliance with LSA-C.Cr.P. art. 894.1.
This contention is without merit.
The defendant argues the sentence imposed upon him is excessive and for that reason should be vacated. The imposition of a sentence, even though within the statutory limits, may constitute excessive punishment in violation of LSA-Const. Art. 1 § 20 (1974). A sentence is excessive if it is grossly out of proportion to the severity of the offense or nothing more than a purposeless and needless imposition of pain and suffering. State v. Smith, supra; State v. Bonanno, 384 So.2d 355 (La.1980). The trial judge has great discretion in the imposition of sentence within the statutory limits and such a sentence should not be set aside in the absence of a manifest abuse of discretion. State v. Smith, supra.
Maximum sentences are reserved for the worst type of offender. State v. Lanclos, 419 So.2d 475 (La.1982). The trial court has great discretion in imposing the maximum sentence for the pled offense where the defendant has pled guilty to an offense which does not adequately describe his conduct. State v. Richardson, 446 So. 2d 820 (La.App. 2d Cir.1984). A defendant's reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant's conduct. State v. Graham, 513 So.2d 419 (La.App. 2d Cir.1987).
The benefit the defendant received from the plea bargain may have been minimal. In original reasons for sentencing, adopted by reference at the second sentencing hearing, the trial court stated:
"We note for the record that there is, in the mind of the Court, no evidence to show that the purpose of Mr. Taylor going to the victim's house was an intent to kill him. We would note that they were acquaintances and had been together for quite sometime off and on. Had spent a good part of the evening before this incident took place together. A witness was taken to the scene. Emergency help was sought and the defendant then turned himself in. All of which we think would weigh against an intent to specifically kill the victim on the part of the defendant."
We agree with the statement of the trial court and further find it to be supported by evidence submitted at the second sentencing hearing. The defendant had socialized and drank with the victim on several days prior to the shooting. The night of the killing the defendant and the victim drank together at Cowboys. At all these times the defendant was aware the victim owed him at least in part for the balance charged on his VISA bill for the rental car. These facts establish there was no great animosity between the parties and that alcohol was probably a substantial factor in this tragic incident.
Further, the defendant's mother, sister, and cousin all testified as to the peaceable *1150 attributes of the defendant. Their statements were corroborated by the testimony of the mother of defendant's former girlfriend, who testified the defendant was a very non-violent person.
The record further reveals this defendant is a first felony offender with no prior criminal history. The presentence investigation reflects the defendant is viewed an extremely good employee at the Butler Paper Company and is under review for future advancement.
Considering the circumstances of this case and the background of the defendant, we conclude the imposition of sentence of eighteen years at hard labor was a manifest abuse of the trial court's discretion. We are aware of the negative factors involved in the commission of this crime, including the fact that the defendant went to the victim's home with a loaded gun. The circumstances reflected on the face of the record warrant a substantial sentence at hard labor. However, this record established that this defendant is not one of the worst offenders convicted of the crime of manslaughter and for this reason should not receive the near maximum sentence here imposed. We conclude a sentence of twelve years at hard labor adequately provides for the punishment required on the facts elicited from the record. A sentence imposed over this stated term is excessive.

CONCLUSION
We find the trial court abused his discretion in imposing a sentence of eighteen years. We determine this sentence is excessive.
The defendant's sentence is vacated and the case is remanded to the trial court for resentencing in accordance with this opinion.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] LSA-R.S. 14:30.1 provides, in pertinent part:

§ 30.1. Second degree murder
A. Second degree murder is the killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm;
. . . . .
B. Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
[2] LSA-R.S. 14:31 provides:

§ 31. Manslaughter
Manslaughter is:
(1) A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed; or
(2) A homicide committed, without any intent to cause death or great bodily harm.
(a) When the offender is engaged in the perpetration or attempted perpetration of any felony not enumerated in Articles 30 or 31.1, or of any intentional misdemeanor directly affecting the person; or
(b) When the offender is resisting lawful arrest by means, or in a manner, not inherently dangerous, and the circumstances are such that the killing would not be murder under Articles 30 or 30.1.
Whoever commits manslaughter shall be imprisoned at hard labor for not more than twenty-one years.
[3] In State v. Smith the supreme court remanded the case for resentencing because of the lack of adequate particularization under article 894.1 by the sentencing court. On the issue of the trial court's consideration of the defendant's credibility as a factor in sentencing, the court observed:

The United States Supreme Court stated that a defendant's truthfulness while testifying in his own behalf, almost without exception, has been deemed probative of his attitudes toward society and prospects for rehabilitation and hence relative in sentencing. United States v. Grayson, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). The court further stated that a judge is not required to enhance a sentence of a defendant whose testimony he deems false but the court emphasized that the truthfulness of the defendant must be assessed "in light of all the other knowledge gained about the defendant, the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful society." Grayson, supra, 98 S.Ct. at 2618. Thus, the U.S. Supreme Court requires "other knowledge" about the defendant in addition to his truthfulness, or lack thereof, to form a basis for the sentencing.