SEXTON, Judge,
dissenting.
The defendant was implicated as the leader of a business burglary that occurred on a whim because the group was “bored.” A previous charge of illegal possession of stolen goods, specifically guns, has been dropped because the defendant cooperated in the recovery of the weapons upon being confronted. He has an unspecified juvenile record and was apparently on probation as a result. Moreover, he is being held without bail on a pending second degree murder charge.
The pre-sentence investigation report (PSI) indicates the defendant was a truant and a disciplinary problem at school who would have been expelled had he not been arrested on the murder charge. The school principal, who said the defendant’s school performance had been satisfactory until a year or so ago, related the defendant’s recent poor performance to drugs and alcohol. The trial court relied in part on this information in imposing sentence. It is important to recognize that the drug and alcohol information is not an anonymous or unsubstantiated rumor but is the report of a professional educator who should be presumed to know something on the subject.
Importantly, there is no indication that the defendant was denied PSI access or that he was denied the right to contradict PSI information. See State v. Bosworth, 360 So.2d 173 (La.1978); State v. Lahrmann, 475 So.2d 116 (La.App.2d Cir.1985). Indeed, the defense attorney put on fairly extensive evidence immediately after the sentence was imposed. In my judgment, the trial judge was entitled to rely on the specific report of someone in a position to know. This report was only contradicted by the self-serving testimony of the defendant’s mother.
The sentence may be harsh, but I believe it to be supported by the record and should be affirmed.
I respectfully dissent.